UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMAL DHANOTA,<br><br>Plaintiff,<br><br>v.<br><br>TOOMI ROGERS, et al.,<br><br>Defendants. | Case No. 18-cv-02876-SVK<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE APPLICATION TO PROCEED IN FORMA PAUPERIS AND TO REMAND CASE**<br><br>Re: Dkt. Nos. 1, 2 |

On April 3, 2018, Plaintiff filed this unlawful detainer action in the Superior Court of California, County of Santa Clara. ECF 1-1. The state court complaint names as defendants Toomi Rogers and Pharoh Rogers AKA Pharsh Rogers, as well as Doe defendants. *Id.* On May 16, 2018, Defendant Toomi Rogers ("Rogers" or "Defendant") removed the case to this Court by filing a notice of removal. ECF 1. On the same date, Rogers filed an application to proceed in forma pauperis ("IFP"). ECF 2.

No party has yet consented to the jurisdiction of a magistrate judge, so the Court therefore ORDERS the Clerk of the Court to reassign this case to a district judge. Additionally, for the reasons discussed below, the undersigned RECOMMENDS that the district judge REMAND this case to state court due to lack of subject matter jurisdiction and DENY Rogers' incomplete IFP application without prejudice.

**A. Propriety of Removal**

District courts screen civil actions filed in forma pauperis to ensure that the complaint is not frivolous, states a claim, and does not seek monetary relief against a defendant who is immune

from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Courts also screen actions removed to this court when a party seeks to proceed in forma pauperis to determine whether removal was obviously improper or venue is this district is obviously improper. *See, e.g., Dallin, LLC v. Lyles*, No. 17-cv-02618-SK, 2017 WL 2888580, at *1 (May 24, 2017).

Removal to federal court is proper only where the federal court would have had original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal, and the defendant bears the burden of demonstrating that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Any doubt about whether removal is proper must be resolved in favor of remand. *Id*. In addition, the Court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. Proc. 12(h)(3). A case must be remanded to state court if it appears at any time before final judgment that the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Rogers has failed to carry the burden of showing that removal is proper. The notice of removal asserts that this action is removable because the Court has subject matter jurisdiction under federal question jurisdiction. *See* ECF 1 at 2. Federal question jurisdiction exists over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if it appears from the well-pleaded complaint that federal law creates the cause of action or, under certain circumstances, if plaintiff's right to relief necessarily requires resolution of a substantial question of federal law. *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The complaint in this case, however, presents a claim for unlawful detainer; it does not allege a federal claim or require resolution of a substantial question of federal law. Although the notice of removal states that "[f]ederal question exists because Defendant's Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law," defenses and counterclaims asserting a federal question do not satisfy the requirement that the case "arise under" federal law. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002). Accordingly, removal of this case cannot be based on federal question jurisdiction.

2

It is not clear whether Rogers also asserts that removal is proper based on diversity jurisdiction. The Notice of Removal refers repeatedly to federal question jurisdiction, but also refers to 28 U.S.C. § 1441(b), which concerns removal based on diversity of citizenship. ECF 1 at 2. Diversity jurisdiction requires that all plaintiffs be of diverse citizenship from all defendants, and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S. 546, 553-54 (2005). The notice of removal does not address the citizenship of any of the parties. "Since the party asserting diversity jurisdiction bears the burden of proof … [the removing defendant's] error to specify Plaintiffs' state citizenship [is] fatal to Defendants' assertion of diversity jurisdiction." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001).

In addition, it appears from the limited information available that the case is not removable based on diversity of citizenship. A civil action otherwise removable based on diversity of citizenship "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Rogers would be considered a citizen of the state where she was domiciled when the case was filed, *i.e.*, the state where she resided with the intention to remain. *Kanter*, 265 F.3d at 857. This is an unlawful detainer action seeking to evict Rogers from the real property that is the subject of this action, which is located in San Jose, California, and it thus appears that Rogers resides in California. ECF 1 at 1-2. If so, Rogers cannot remove this action based on diversity.

Rogers has also failed to show that the amount in dispute exceeds $75,000. The amount at issue in an unlawful detainer action seeking possession of the property is the fair rental value of the property for the time defendant unlawfully occupied it, not the value of the property itself. *MOAB Inv. Group LLC v. Moreno*, No. C-14-0092 EMC, 2014 U.S. Dist. LEXIS 15076, at *3-4 (N.D. Cal. Feb. 6, 2014). According to plaintiff's complaint, defendants have unlawfully detained the property since April 3, 2018, and the reasonable rental value of the property is $97.73 per day, meaning that the value of possession of the property at the time the complaint was filed was considerably less than $75,000. ECF 1-1 at ¶¶ 11, 17. Accordingly, removal based on diversity of jurisdiction is improper.

3

Another defect in Rogers' notice of removal is that it was not filed on behalf of all defendants, and Rogers did not carry her burden of explaining the absence of the other defendants. *See* 28 U.S.C. § 1446(b)(2)(A); *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999).

### B. IFP Application

If the court is satisfied that the applicant cannot pay the requisite filing fees, the Court may grant an IFP application. 28 U.S.C. § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). Rogers' IFP application is incomplete because it states that Rogers receives money from Federal or State welfare payments, Social Security, or another government source but does not state "the amount of money received from each" of these sources, as required in Question 2 of the IFP application. ECF 2 at 2. The Court therefore lacks information to enable it to determine whether Rogers qualifies financially for IFP status. Accordingly, the undersigned RECOMMENDS that Rogers' IFP application be denied without prejudice.

### C. Conclusion

Because the parties have not yet consented to the jurisdiction of a magistrate judge, this Court ORDERS the Clerk of the Court to reassign this case to a district judge. The undersigned further RECOMMENDS that the newly assigned judge REMAND the case to Santa Clara County Superior Court and DENY Rogers' IFP application without prejudice. Any party may serve and file objections to this recommendation within fourteen days after being served. Fed. R. Civ. P. 72; Civ. Local Rule 72.

**SO ORDERED.**

Dated: June 26, 2018

SUSAN VAN KEULEN
United States Magistrate Judge