**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KAMAL DHANOTA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TOOMI ROGERS, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-02876-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION ON (1) REMANDING ACTION TO THE SANTA CLARA SUPERIOR COURT AND (2) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>[ECF 1] |

Plaintiff Kamal Dhanota filed this unlawful detainer action in the Santa Clara Superior Court. Complaint, ECF 1-1. The complaint names Defendants Toomi Rogers and Pharoh Rogers AKA Pharsh Rogers. *Id.* Defendant Toomi Rogers ("Rogers") removed the case to this Court by filing a notice of removal. Notice of Removal, ECF 1. On the same date, Rogers filed an application to proceed in forma pauperis ("IFP"). ECF 2.

The Court has reviewed the Report and Recommendation ("Report") of Magistrate Judge Susan van Keulen to remand this unlawful detainer action. ECF 5. No objections to the Report and Recommendation have been filed and the deadline to object has lapsed. *See* Fed. R.Civ. P. 6(d), 72(b)(2) (deadline for objections is seventeen days after being served by mail).

The Court finds the Report correct, well-reasoned and thorough, and adopts it in every respect. In particular, Rogers contends that "[f]ederal question exists because [of] Defendant's Answer, a pleading depend[ing] on the determination of Defendant's rights and Plaintiff's duties under federal law." Notice of Removal ¶ 10. However, Rogers' contention that federal question jurisdiction exists fails because federal question arises from the face of a well-pleaded complaint

by a plaintiff, not the defenses or counterclaims alleged by a defendant. *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir. 1985). Also, there is no basis for diversity jurisdiction. Rogers fails to establish that the action is between citizens of different states and that the amount in controversy exceeds the sum or value of $75,000 as required under 28 U.S.C. § 1332. Nor can a local defendant remove an action to federal court based on diversity jurisdiction. 28 U.S.C. § 1441(b)(2). Accordingly, the Court concludes that there is no basis for removal.

Regarding Rogers' IFP application, the Court agrees with Judge van Keulen's recommendation to deny the application without prejudice. The IFP application is incomplete because it states that Rogers receives money from Federal or State welfare payments, Social Security, or another government source but does not state "the amount of money received from each" of these sources, as required in Question 2 of the application. ECF 2 at 2. As such, the Court lacks information that will allow it to determine whether Rogers financially qualifies for IFP status.

For the foregoing reasons, the Court ADOPTS the Report. The Court REMANDS this action to the Santa Clara Superior Court for lack of subject matter jurisdiction and DENIES Roger's IFP application without prejudice. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

Dated: July 16, 2018

_____
BETH LABSON FREEMAN
United States District Judge